```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/11
```

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
ADDIE VANCIL, Derivatively On Behalf of ) Case No. 1:2010-cv-4312
ISTAR FINANCIAL INC.,                  ) **[Rel. *Citiline Holdings, Inc. et al.***
                                       ) ***v. cv-iStar Fin'l Inc., et al.*, Case**
                       Plaintiff,      ) **No. 1:08-03612]**
                                       )
         v.                            )
                                       ) ECF Case
JAY SUGARMAN, ROBERT W. HOLMAN, JR., ROBIN )
JOSEPHS, GEORGE PUSKAR, JOHN G. MCDONALD, )
JEFFREY A. WEBER, GLENN R. AUGUST, DALE )
ANNE REISS, CATHERINE RICE, NICHOLAS A. )
RADESCA, and TIMOTHY J. O'CONNOR,      )
                                       )
                       Defendants,     )
                                       )
ISTAR FINANCIAL, INC., a Maryland corporation, )
                                       )
                       Nominal Defendant. )
------------------------------x

## STIPULATION & [PROPOSED] PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned litigation (the "Litigation") are engaged in discovery proceedings regarding the conduct of the iStar Financial Inc. Board of Directors (the "iStar Board") and a Special Committee of the iStar Board (the "Special Committee") established following receipt of plaintiff Addie Vancil's ("Plaintiff") demand letter ("Vancil Demand") through the Special Committee's initial decision not to investigate the Vancil demand and its later decision to consider the Vancil demand as part of its investigation of subsequent demand letters sent by shareholders Neil Wolfson and Kenneth Gardner (the "Phase I Discovery Proceedings");

WHEREAS, the parties anticipate the Phase I Discovery Proceedings may involve the disclosure of certain information that the defendants believe to be of a non-public, confidential

and sensitive nature, including but not limited to commercial, financial and/or business information and/or certain information subject to the protection of the attorney-client privilege or the work-product doctrine, the public disclosure of which defendants contend would jeopardize their interests;

WHEREAS the Parties have agreed and stipulated that, solely for purposes of the limited Phase I discovery in the Litigation, Plaintiff may obtain, without limitation based on attorney-client privilege or attorney work product doctrine, relevant documents and testimony reflecting legal advice provided to the Special Committee and/or the iStar Board regarding the Special Committee counsel's independence, the initial decision whether to investigate or take any other action requested in the Vancil Demand, and the later decision to consider the Vancil Demand as part of the Special Committee's ongoing investigation, *provided*, that any such disclosure of such legal advice or attorney work product in connection with this discovery shall not be deemed, and shall not be asserted by Plaintiff, as grounds for arguing that the Special Committee, the Board, or the Company have waived privilege generally, or that there has been any waiver of work-product protection generally; and *provided further* that Plaintiff will remain free to assert, and defendants to oppose, any other arguments regarding waiver based on the state of the record in this Litigation prior to the Phase I Discovery; and

WHEREAS, Plaintiff agrees to handle materials designated by defendants as "Confidential" or "Highly Confidential" in accordance with the terms of this Stipulation and [Proposed] Protective Order ("Stipulation and Order"), unless and until defendants withdraw their designation or the Court overrules defendants' request for disclosure restrictions pursuant to this Stipulation and Order;

2

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that this Stipulation and Order, pending approval of the Court, shall govern the pretrial handling of any document or thing, as defined by the Federal Rules of Civil Procedure, deposition transcript, videotapes, deposition exhibits, responses to interrogatories and requests for admission, and any other discovery information produced, given or exchanged among the parties and/or third-parties in connection with the Litigation ("Discovery Material").

1. As used in this Stipulation and Order, the following definitions shall apply:

   a. "Designating Party" means a party or non-party that designates Discovery Material as Restricted Material;

   b. "Receiving Party" means any person to whom the production or disclosure of Restricted Material is made;

   c. "Confidential Document" and "Highly Confidential Document" means without limitation any document, in electronic or hard copy form, or thing, as defined under the Federal Rules of Civil Procedure, that contains Confidential Information or Highly Confidential Information as defined herein below and which bears the legend or is otherwise designated pursuant to paragraph 3 of this Stipulation and Order, as "Confidential" or "Highly Confidential;"

   d. "Confidential Information" means any non-public information the disclosure of which the Designating Party reasonably and in good faith believes is confidential competitively sensitive information including, for example, commercial, financial, business, proprietary, personal, or customer information;

   e. "Highly Confidential Information" means any non-public information, the disclosure of which the Designating Party reasonably and in good faith believes contains information that, but for the agreement of the parties reflected in the third "Whereas" clause above, would be protected by the attorney-client privilege and/or work product doctrine;

   f. "Restricted Material" means any and all Discovery Materials, including but not limited to Confidential Documents and Highly Confidential Documents, that contain Confidential Information or Highly Confidential Information and which have been designated as "Confidential" or "Highly Confidential" in accordance with paragraph 3 of this Stipulation and Order. The designation of "Confidential" or "Highly Confidential" given to any Restricted Material shall also apply to any copies, excerpts, summaries, or other documents made by anyone other than the Designating Party that quote or reflect the contents of such Restricted Material.

  2. This Stipulation and Order pertains only to Discovery Material obtained in connection with this Litigation and does not limit the use or disclosure of Confidential Information or Highly Confidential Information which:

   a. Is acquired by the Receiving Party from a third-party which lawfully possesses such material and which may lawfully disclose such material;

   b. Was lawfully possessed by the Receiving Party prior to the commencement of this Litigation; or

   c. Is made public by the Designating Party during the pendency of this Litigation.

  3. The designation of Discovery Material as Confidential or Highly Confidential shall be made in the following manner:

    a. With respect to deposition or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of or immediately following such disclosure that such testimony shall be treated as Confidential Information or Highly Confidential Information; or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript thereof, that such testimony shall be treated as Confidential Information or Highly Confidential Information. In the first instance, the court reporter shall transcribe and bind the testimony so designated as containing Confidential Information or Highly Confidential Information and shall clearly mark the face of such bound transcript with the term "Confidential" or "Highly Confidential." Otherwise, the Designating Party shall stamp "Confidential" or "Highly Confidential" on the first page and all pages of the original transcript and provide a copy of that transcript to outside counsel of record for the named parties to this Litigation ("Counsel of Record") and thereafter the Receiving Parties shall treat the Confidential Information or Highly Confidential Information contained in such transcripts in accordance with the designation. Until the notification period expires, the entirety of transcripts shall be treated as if they were designated as containing Confidential Information or Highly Confidential Information; and

    b. With respect to all other Discovery Materials, by stamping "Confidential" or "Highly Confidential" on each page containing any Confidential Information.

  4. Except by prior Court Order or the written consent of the Designating Party, any Discovery Material designated as "Confidential" or "Highly Confidential" or any Confidential Information or Highly Confidential Information contained therein, shall not be used by the Receiving Party or disclosed by the Receiving Party to any person except:

a. Any named party in the Litigation, including current or former officers, directors, and employees of such named party (collectively, "a party's employees"), or any agent or attorney-in-fact for any named party in the Litigation, provided that a party's employees, agents, or attorneys-in-fact have complied with the procedures set forth in paragraphs 5 and 6 of this Stipulation and Order;

b. Counsel of Record, including the partners, associates and staff working under the direct supervision of such counsel, but only to the extent disclosure to such persons is reasonably necessary to Counsel of Record's rendering of professional services to their clients in this Litigation;

c. Litigation support service vendors and copy services, data entry, and computer support services retained by Counsel of Record in connection with this Litigation, but only to the extent disclosure to such vendors is reasonably necessary to Counsel of Record's rendering of professional services to their clients in this Litigation and the vendors to whom disclosure is made have complied with the procedures set forth in paragraphs 5 and 6 of this Stipulation and Order.

d. Independent consultants or experts, including their support personnel, who have been retained by a party or Counsel of Record for purposes of assisting in the Litigation or to serve as an expert witness in the Litigation, provided that Counsel of Record and the consulting or testifying expert firms to whom disclosure is made pursuant to this paragraph have complied with the procedures set forth in paragraphs 5 and 6 of this Stipulation and Order;

e. Court reporters and employees of court reporters engaged by Counsel of Record to record, transcribe, or videotape testimony in the Litigation (collectively, "court

reporting agencies"), provided that such court reporting agencies have complied with the procedures set forth in paragraphs 5 and 6 of this Stipulation and Order;

    f. Members of the Special Committee and their counsel at Wilmer Cutler Pickering Hale & Dorr LLP.

    g. Authors and recipients of documents not otherwise covered by this paragraph, but only for those documents authored or received by the individual; and

    h. Court officials involved in the Litigation.

5. The Receiving Party and any expert or vendor to whom, in accordance with paragraph 4 of this Order, a Receiving Party discloses Restricted Material, shall implement and enforce reasonable controls in an effort to restrict and prevent the unauthorized access to the Restricted Material by any person, including but not limited to, their employees who do not possess a need to know or handle the Confidential Information or Highly Confidential Information in order to render professional services to the parties in this Litigation.

6. Before a Receiving Party or Counsel of Record may show or disclose any Designating Party's Restricted Material to any other person covered under paragraphs 4(a),(c), (d) & (e) above, the Receiving Party's Counsel of Record shall advise such person that the Restricted Material is subject to this Stipulation and Order and may not be disclosed other than pursuant to its terms, provided that, prior to such disclosure, the person declares in writing, under penalties of perjury that he has read, understood and agrees to abide by the terms of this Stipulation and Order by signing a copy of Exhibit A hereto, which copy shall be maintained by Counsel of Record for the Receiving Party who seeks to disclose such Restricted Material.

7. A Designating Party that produces Confidential Information or Highly Confidential Information but inadvertently fails to mark an item as "Confidential" or "Highly

7

Confidential" may correct its failure immediately after the error is noted. Such correction and notice thereof shall be made in writing and accompanied, or followed within a reasonable period of time, not to exceed ten (10) business days, by substitute copies of each item, appropriately marked. After the Receiving Party receives such notice and substitute copies, the Receiving Party shall (i) thereafter treat the Confidential Information or Highly Confidential Information in accord with the corrected designation, (ii) inform any person who had previously signed Exhibit A hereto and was provided the Confidential Information or Highly Confidential Information by the Receiving Party before it was designated as such, and (iii) provide any person who received such Confidential Information or Highly Confidential Information from the Receiving Party before it was correctly designated and who had not previously signed Exhibit A hereto with a copy of this Stipulation and Order, request such person sign Exhibit A, and inform such person that he may be held in contempt of Court and subject to monetary sanctions or other consequences for failing to comply with the terms of this Stipulation and Order even if he does not sign Exhibit A. Unless the Designating Party agrees otherwise, the Receiving Party shall return the previously unmarked items and all copies thereof or destroy the same and certify the destruction to counsel for the Designating Party.

8. All persons obtaining access to Restricted Material in the Litigation shall use such documents or information only for purposes of this Litigation, including any appeal and retrial, and shall not use or disclose such documents or information for any other purpose. This Stipulation and Order shall not restrict the use or disclosure of documents or information that are publicly available, nor shall it restrict a Designating Party's use or disclosure of its own documents or information.

9. Before filing any document under seal, a party must first, upon motion, obtain the Court's consent to file such document under seal. All documents of any nature, including briefs, that have been designated, in part or in whole, as Restricted Material shall be filed with the Court under seal and marked on both a sealed envelope and near the case caption with a statement substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT, ENTERED ON, [DATE]. THIS ENVELOPE IS NOT TO BE OPENED, NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED, EXCEPT BY OR AS DIRECTED BY THE COURT.

10. Redacted versions of any document filed under seal must be publicly filed such that public access is restricted only as to the Confidential or Highly Confidential material within each document.

11. After complying in good faith with the Federal Rules of Civil Procedure and the Local Rules of this Court governing discovery disputes, any party may apply to the Court for a ruling that certain documents or testimony designated as Restricted Material or the information therein, is not entitled to the protection and restrictions set forth in this Stipulation and Order. The Designating Party shall have the burden of demonstrating that the "Restricted Material" designation is proper under this Stipulation and Order and applicable law. The confidential treatment of the documents, testimony, or information at issue shall be maintained pending a ruling by the Court.

12. If any Receiving Party receives a subpoena or other legal process commanding the production or other disclosure of any Restricted Material (collectively, "Subpoena"), the Receiving Party shall:

      a.    Notify, in writing, the person issuing the Subpoena (the "Issuer") of the existence of this Stipulation and Order;

      b.    Provide the Issuer with a copy of this Stipulation and Order within five (5) business days of receiving the Subpoena;

      c.    Notify and provide to the Designating Party's counsel a copy of the Subpoena within five (5) business days of receiving it and not less than five (5) business days before the date on which the Subpoena demands production or disclosure;

      d.    Provide the Designating Party's counsel with a copy of any motion filed or any other document evidencing the Issuer's intent to seek enforcement of the Subpoena against the Receiving Party no less than five (5) business days after receiving such a document or, in the event a hearing to enforce the Subpoena or other deadline imposed by a court or agency of any state or federal government is scheduled, then no less than five (5) business days before such a hearing or deadline has been scheduled or imposed; and

      e.    Not comply with the Subpoena unless and until the Designating Party has provided its written consent to the disclosure, this Court or any other Court of competent jurisdiction has ordered production of the Restricted Material, or the Designating Party has declined to seek relief in any action in which the Subpoena was issued or any proceeding seeking enforcement of the Subpoena within five (5) business days after receiving notice of a hearing scheduled to enforce the Subpoena or other deadline imposed by a court or agency of any state or federal government.

    13.    Any party who desires to use Restricted Material at trial shall provide notice to the Designating Party at the same time exhibit and witness lists are exchanged pursuant to the pre-trial Order issued by the Court. The Designating Party may then apply to the Court for

protection of such material at trial as the Designating Party deems reasonable, subject to the objection of any other parties and determination by the Court. This paragraph shall not preclude the use of Restricted Material as supplemental or rebuttal exhibits at trial, subject to rulings by the Court as to the procedure for their use.

14. Except as otherwise agreed by the parties, no provision of this Stipulation and Order shall prevent any party from objecting to discovery or the admissibility of evidence designated as Restricted Material pursuant to the Federal Rules of Civil Procedure. And except as otherwise agreed by the parties, this Stipulation and Order shall not be construed as a waiver by any party of any right to withhold any Restricted Material as attorney work product or based on a legally cognizable privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

15. In the event additional parties join or are joined in the Litigation, such newly joined parties shall not have access to Restricted Material until they have executed and filed with the Court their agreement to be fully bound by this Stipulation and Order.

16. In the event of any inadvertent, unauthorized disclosure of any Restricted Material or any Confidential Information or Highly Confidential contained in Restricted Material, counsel for the Receiving Party shall notify counsel for the Designating Party in writing within five (5) business days of discovery of such unauthorized disclosure, or of facts sufficient to give rise to a reasonable belief that there has been, or may have been, unauthorized disclosure. Counsel for the Receiving Party and the Designating Party shall thereafter cooperate and make every effort to prevent disclosure by each unauthorized person who received such Confidential Information. Further, if the Confidential Information was believed to have been disclosed by the Receiving Party, then the Receiving Party shall make a good faith effort to obtain from persons to whom

such unauthorized disclosure was made, their agreement to abide by the terms of this Stipulation and Order by execution of Exhibit A hereto.

17. The Designating Party shall implement procedures to prevent the inadvertent production without proper designation as "Highly Confidential" of Discovery Materials that the Designating Party claims are subject to a privilege. If Discovery Materials otherwise protected from disclosure under the attorney-client privilege, work product immunity, or any other applicable privilege (collectively, "privilege") are produced in this Litigation, the disclosure without proper designation as "Highly Confidential" is hereby presumed to be inadvertent and not a waiver of the privilege, if the Designating Party followed the procedures adopted to prevent inadvertent disclosure of the Discovery Materials in question. This paragraph shall not bar the Receiving Party's right to challenge the Designating Party's privilege claim on any ground, including the presumption that the Designating Party's disclosure of privileged Discovery Materials without designation as "Highly Confidential" was inadvertent. The Designating Party shall retain copies of all returned documents and tangible items for further disposition. The inadvertent production of documents not subject to the parties' agreements as set forth in the prefatory clauses above shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

18. Nothing in this Stipulation and Order shall prevent any Party from seeking further, greater or lesser protection with respect to the use of any Restricted Material, or from seeking to prevent or to allow the disclosure of Restricted Material to persons described in paragraphs 3 and 4 of this Stipulation and Order.

19. The provisions of this Stipulation and Order shall not terminate at the conclusion of the Litigation. Within thirty (30) days of the final conclusion of all aspects of the Litigation by

judgment not subject to appeal or settlement (the "Final Date"), the Designating Party may provide the Receiving Party with a written request for a certification that all Restricted Material has either been returned to the Designating Party or destroyed, provided that nothing herein shall require any counsel to destroy any copies of Restricted Material contained in backup media maintained securely and in the normal course of business by that counsel. The Receiving Party shall have thirty (30) days from receipt of a Designating Party's written request to certify that they have complied with the terms of this paragraph. Notwithstanding the foregoing, following the Final Date, a party's counsel may retain its own work product, and the parties and their counsel may retain pleadings, copies of court filings, records of court proceedings (including transcripts of and exhibits to such proceedings), correspondence between counsel and copies of depositions (including exhibits thereto) that contain or refer to Confidential Information or Highly Confidential Information, provided that the retention of such materials continues to comply with the terms of this Stipulation and Order.

20. This Stipulation and Order is executed by Plaintiff, iStar, and the Individual Defendants, by and through their attorneys, who also sign on behalf of themselves and their respective law firms. Each attorney executing this Stipulation and Order on behalf of a party warrants that the attorney is duly authorized to do so.

21. The parties agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, or pending the entry of an alternative thereto that is satisfactory to all parties, and any violation of the terms of this Stipulation and Order before it is entered by the Court shall be subject to the same sanctions and penalties as if the Stipulation and Order had already been entered by the Court.

22.     This Order may be modified only by further order of the Court for good cause shown.

STIPULATED AND AGREED TO:

DATED: June 23, 2011

                                                   ROBBINS UMEDA LLP

                                             By: _____
                                                     Craig W. Smith
                                                     600 B Street, Suite 1900
                                                     San Diego, CA 92101
                                                     ATTORNEYS FOR PLAINTIFF ADDIE VANCIL

                                                 KATTEN MUCHIN ROSENMAN LLP

                                             By: _____
                                                     David H. Kistenbroker
                                                     Carl E. Volz
                                                     525 West Monroe Street
                                                     Chicago, IL 60661
                                                     ATTORNEYS FOR NOMINAL DEFENDANT
                                                     ISTAR FINANCIAL, INC.

                                                 ARNOLD & PORTER LLP

                                           By: _____
                                                 Scott B. Schreiber
                                                 Andrew T. Karron
                                                 555 Twelfth Street NW
                                                 Washington, D.C. 20004
                                                 202-942-5000
                                                 ATTORNEYS FOR INDIVIDUAL DEFENDANTS

IT IS SO ORDERED.

Dated this 23rd day of June, 2011.

By the Court:

_____

EXHIBIT A

ACKNOWLEDGMENT OF STIPULATION AND ORDER

_____, states and attests as follows:

1. I reside at _____.

2. My present employer is _____.

    a. I am executing this Acknowledgment on behalf of myself personally; or

    b. I possess the authority and am executing this Acknowledgment on behalf of my employer.

3. I have received and carefully read the Stipulation and Order entered by the Court on _____, 2011, and understand its provisions. Specifically, I understand I am under Order of the Court to:

    a. Hold in confidence and not to disclose the contents of any document or information I receive marked "Confidential" or "Highly Confidential" to anyone other than those identified in paragraph 5 of the Stipulation and Order;

    b. Abide by all of the terms in the Stipulation and Order.

4. I will use the Restricted Material provided to me solely for the above-captioned Litigation and for no other purpose.

5. I will implement and enforce reasonable controls to restrict and prevent the unauthorized access to the Restricted Material by any person who does not possess a need to know or handle the Confidential Information or Highly Confidential Information contained therein.

6. I agree that upon timely written demand by the party who disclosed Restricted Material to me, I shall destroy and certify in writing that I have destroyed, or return to counsel for the Designating Party, all Restricted Material and copies, excerpts, summaries, or other documents in my possession, custody, or control that quote or reflect the contents of such Restricted Materials within thirty (30) business days of receipt of such written demand.

7. I hereby agree to subject myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of proceedings relating to my performance under, compliance with, or violation of, this Order.

8. I understand that if I violate the Stipulation and Order, I will be in violation of a Court Order and may be subject to sanctions and other penalties.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Name

_____
Date