UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADDIE VANCIL, derivatively on behalf of ISTAR FINANCIAL INC., <br><br> *Plaintiff*, <br><br> v. <br><br> JAY SUGARMAN, ROBERT W. HOLMAN, JR., ROBIN JOSEPHS, JOHN G. MCDONALD, GEORGE R. PUSKAR, GLENN R. AUGUST, DALE ANNE REISS, JEFFREY A. WEBER, NICHOLAS A. RADESCA, CATHERINE D. RICE, and TIMOTHY J. O'CONNOR, <br><br> *Defendants*, <br><br> and <br><br> ISTAR FINANCIAL INC., <br><br> *Nominal Defendant*. | Civil Action No. 10 Civ. 4312 (RJS) <br><br> (Rel. *Citiline Holdings, Inc. v. iStar Financial Inc.*, No. 08 Civ. 03612 (RJS)) <br><br><br> Judge Richard J. Sullivan |

**JOINT MEMORANDUM IN SUPPORT OF
PARTIES POSITION THAT NO NOTICE IS REQUIRED
UNDER FEDERAL RULE OF CIVIL PROCEDURE 23.1**

The parties submit this memorandum pursuant to the Court's December 14, 2011 Order directing the parties jointly to submit a memorandum (a) in further support of the proposition that the notice requirement of Federal Rule of Civil Procedure 23.1(c) is inapplicable in this case, and (b) proposing the manner of notice should the Court find that notice is necessary. For the reasons outlined below, the parties believe that, in the circumstances of this case, no notice is required under Rule 23.1(c). In the event the Court concludes that notice is required, the parties agree that notice by publication on the websites maintained by Robbins Umeda LLP, Plaintiff Addie Vancil's counsel, and nominal defendant iStar Financial Inc., would be sufficient.

## I.   RULE 23.1 NOTICE IS NOT REQUIRED UNDER THE CIRCUMSTANCES OF THIS CASE.

Federal Rule of Civil Procedure 23.1(c) states that

> [a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval.  Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

The Second Circuit holds that voluntary dismissals under Fed. R. Civ. P. 41(a)(1) are within the scope of the notice requirements of Rule 23.1, and has construed Rule 23 to require that, "[i]n general, notice of a proposed dismissal of a derivative suit must be given to nonparty stockholders when the corporate claim had not been adjudicated upon the merits." *Papilsky v. Berndt*, 466 F.2d 251, 257-58 (2d Cir. 1972)*, cert. denied*, 409 U.S. 1077 (1972).  The Rule 23.1 notice requirement is construed pragmatically, however.  Following *Papilsky*, courts in this district repeatedly have held that that courts may, in their discretion, dispense with the notice requirement, where justified by the circumstances.  *See, e.g. Marcus v. Textile Banking Co.*, 38 F.R.D. 185, 187 (S.D.N.Y. 1965) (dispensing with notice requirement when derivative claims were dismissed for lack of personal jurisdiction); *Weiss v. SCM Corporation*, No. 85 Civ. 7569, 1986 WL 7782 (S.D.N.Y. July 9, 1986) (holding that because there is "no risk of collusion or compromise of an existing, valid claim," Rule 23.1 notice is not required).  Dismissal without notice is appropriate here because the concerns that typically require notice are not present.  The dismissal is not the product of collusion, and other shareholders have had ample opportunity to evaluate and pursue the claims asserted in this case.  Accordingly, there is no need for Ms. Vancil to be "kept in the suit as the fiduciary for the corporate interest until other shareholders have the opportunity to secure the advantage to the corporation by continuing the litigation or at

least to determine whether the corporate interest so requires." *Beaver Associates v. Cannon*, 59 F.R.D. 508, 511 (S.D.N.Y. 1973).[1]

### A. Vancil's Dismissal Is Not the Product of Collusion.

The record is clear that Ms. Vancil's dismissal is not the product of collusion. This matter was vigorously litigated by the parties, and the parties aver that "no consideration has been offered or given in connection with the proposed voluntary dismissal of this action." *See* Stipulation of Voluntary Dismissal and [Proposed] Order, Dkt No. 61, at 2 (filed December 12, 2011) ("Stipulation"). Voluntary dismissal was appropriate due to Ms. Vancil's "declining health, her [in]ability to provide reliable testimony, and the burdens such testimony would impose on [her] given her advancing mental and physical infirmities." *See* Stipulation at 2. None of the parties or their counsel had any ability to control Ms. Vancil's health, and there is therefore no conceivable basis for finding collusion in connection with the voluntary dismissal due to the unfortunate decline in Ms. Vancil's health.

### B. Notice Is Unnecessary to Afford Other Shareholders an Opportunity Evaluate or Pursue the Claims.

Under the circumstances of this case, notice is unnecessary because the voluntary dismissal would not operate to deprive the corporation or its shareholders of the right or ability to address the claims alleged in Ms. Vancil's complaint. Those issues were raised not only in Ms.

---

[1] Defendants believe that, in light of the Second Circuit's recent decision in *Kautz v. Sugarman*, No. 11-1767-cv, 2011 WL 5829664 (2d Cir. Nov. 21, 2011), there is a substantial question as to what purpose could appropriately be served by notice to other shareholders. *Kautz* affirmed this Court's holding that, under Maryland (and Delaware) law, a shareholder who did not make demand may not rely on another shareholder's demand. *Id.* at *3. Defendants believe that permitting another shareholder to bring a claim in reliance on Ms. Vancil's demand would flout this principle. Plaintiff disagrees with defendants' reading of *Kautz*, which held only that facts regarding the treatment of a different shareholder's demand cannot demonstrate that demand by the complaining shareholder would have been futile. Plaintiff believes that other shareholders may, in appropriate circumstances, intervene to take over cases in which it is alleged that the original plaintiff's demand was wrongfully refused.

Vancil's demand letter and complaint, but also in virtually identical demand letters from two other shareholders and also in three lawsuits by other shareholders.[2] Those demand letters and lawsuits were disclosed in quarterly SEC filings by iStar Financial Inc. ("iStar") since Summer 2010.[3]

The quarterly filings also disclosed that, in response to the shareholder demands, iStar's board of directors appointed an independent Special Committee that conducted an investigation of the claims alleged in the two shareholder demands that were substantially identical to Ms. Vancil's demand.[4] After an extensive[5] investigation, the Special Committee issued a report in April, 2011 concluding that the claims alleged in the demands lacked merit and that iStar should seek dismissal of Ms. Vancil's suit. The Special Committee's conclusion and the Board's decision to adopt the Special Committee's recommendation were disclosed to shareholders in August 2011.[6] Since the issuance of the report and the announcement of the Board's adoption of its recommendation, neither of the shareholders whose demands were investigated and rejected has filed suit.

---

[2] *See, e.g.,* Report on Form 10-Q for the period ended June 30, 2010 at 52-53 (filed Aug. 6, 2010); Report on Form 10-Q for the period ending September 30, 2010 at 52-53 (filed on November 8, 2010); Report on Form 10-Q for the period ending March 31, 2011 at 50-51 (filed on May 10, 2011); Report on Form 10-Q for the period ending June 30, 2011 at 53-54 (filed on August 9, 2011); Report on Form 10-Q for the period ending September 30, 2011 at 55-56 (filed on November 8, 2011). Mr. Arnold voluntarily dismissed his shareholder lawsuit when he lost standing due to sale of his iStar stock to satisfy a margin call. This court dismissed the second shareholder derivative claim before it in this matter in *Kautz v. Sugarman*, No. 10-cv-3478, 2011 WL 1330676 (S.D.N.Y March 31, 2011), *aff'd*, No. 11-1767-cv, 2011 WL 5829664 (2d Cir. Nov. 21, 2011). The final shareholder derivative suit was filed in New York state court and voluntarily dismissed in June 2010. *See* Report on Form 10-Q for the period ending June 30, 2011 at 53-54 (filed on August 9, 2011).

[3] *Id.*

[4] Report on Form 10-Q for the period ending June 30, 2011 at 53-54 (filed on August 9, 2011).

[5] Plaintiff does not join in the characterization of the investigation.

[6] *Id.* at 54 (filed on August 9, 2011).

Under these circumstances, notice of the voluntary dismissal of Ms. Vancil's claim is not necessary to protect the interests of the corporation or its shareholders. Accordingly, none of the reasons which underlie the notice requirements of Fed. R. Civ. P. 23 and 23.1 with respect to voluntary discontinuances are operative here; no one's rights are being cut off and no potential abuses are present.

II. **SHOULD THE COURT DECIDE NOTICE IS REQUIRED, THE PARTIES AGREE THAT NOTICE BY PUBLICATION ON iSTAR'S AND ROBBINS UMEDA LLP'S WEBSITES IS SUFFICIENT TO ADDRESS ANY RESIDUAL INTEREST IN THE CLAIMS.**

Rule 23.1 gives the Court discretion to tailor the form and means of notice to the circumstances of the case. In the event the Court determines that notice is warranted, the parties agree that publication of a Notice Order regarding the Stipulation on iStar's and Robins Umeda LLP's websites would be sufficient to address any residual shareholder interest in the claims.

As evidenced by the shareholders who pursued the same or similar claims on behalf of iStar, iStar's shareholders have been aware of the substance of the claims asserted in the Vancil demand and other demands, have had ample opportunity to pursue them, and did, in fact, pursue them. Any residual interest shareholders may have in evaluating the claims can be met with cost-effective notice published on iStar's and Robbins Umeda LLP's website. Such notice would be readily available to iStar shareholders interested in evaluating the claims. Moreover, these notices, like other notices relating to the action, will undoubtedly be picked up by the financial press and disseminated even more widely. Any other more onerous and costly form of notice would be unnecessary to address the limited residual interests in notice, here, and would be inconsistent with the fundamental purpose of derivative litigation to protect the financial well-being of the corporation.

## **CONCLUSION**

Because there is no evidence that collusion brought about this voluntary dismissal, the case has been vigorously litigated in good faith by both parties, and iStar's shareholders have had ample opportunity to pursue these matters, no notice is required under Rule 23.1(c).  If, however, the Court concludes that notice is required, it should be effectuated by publication of a Notice Order on iStar's and Robbins Umeda LLP's websites that attaches the proposed Stipulation of Dismissal and states the Court's intent to dismiss the case within thirty days.

DATED:  December 20, 2011   Respectfully Submitted:

ROBBINS UMEDA, LLP


  __/s/ Craig W. Smith_____
CRAIG W. SMITH (pro hac vice)
BRIAN J. ROBBINS (pro hac vice)
600 West B. Street, Suite 1900
San Diego, CA 92101
Tel:    (619) 525-3990
Fax:    (619) 525-3991

LAW OFFICES OF THOMAS G. AMON
THOMAS G. AMON
250 West 57th Street, Suite 1316
New York, N.Y. 10107
Tel:    (212) 810-2430
Fax:    (212) 810-2427

*Attorneys for Plaintiff*

ARNOLD & PORTER LLP


 /s/ Scott B. Schreiber_____
SCOTT B. SCHREIBER
ANDREW T. KARRON
555 Twelfth Street, N.W.
Washington, D.C. 20004
Tel:  (202) 942-5000
Fax:  (202) 942-5999

*Attorneys for Individual Defendants Jay Sugarman, Robert W. Holman, Jr., Robert Josephs, George R. Puskar, John G. McDonald, Jeffrey A. Weber, Glenn R. August, Dale Anne Reiss, Catherine Reiss, Nicholas A. Radesca, and Timothy J. O'Connor*

KATTEN MUCHIN ROSENMAN LLP


 /s/ David H. Kistenbroker_____
DAVID H. KISTENBROKER
CARL E. VOLZ
525 West Monroe Street
Chicago, IL 60661
Tel:  (312) 902-5200
Fax:  (312) 902-1061

*Attorneys for Nominal Defendant iStar Financial Inc.*