UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADDIE VANCIL, derivatively on behalf of iStar Financial Inc.,

                      Plaintiff,

-v-

JAY SUGARMAN, *et al.*,

                      Defendants.

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2012

No. 10 Civ. 4312 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On December 12, 2011, the parties submitted a stipulation of voluntary dismissal (the "Stipulation") pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure. By Order dated December 13, 2011, the Court directed the parties to make an additional submission explaining why the notice requirement of Rule 23.1(c) is inapplicable in this case. The Court is now in receipt of the parties' submission, dated December 20, 2011, in which the parties argue that notice is not necessary because the concerns underlying the notice requirement are not present here. Specifically, the parties note that the dismissal was not the product of collusion, and shareholders have had an opportunity to evaluate and pursue the claims in this case. (Joint Mem. 2.) Additionally, Defendants argue – though Plaintiff disagrees – that no other shareholders may be able to rely on Plaintiff's demand, and therefore no shareholders are prejudiced by Plaintiff's voluntary dismissal since none would be permitted to take over the lawsuit. (*Id.* at 3 n.1.) The parties further state in their submission that, if the Court finds that notice is necessary, notice by publication on iStar and Plaintiff's counsel Robbins Umeda LLP's web sites would suffice under Rule 23.1(c).

Rule 23.1(c) provides that, in a derivative action, "[n]otice of a . . . voluntary dismissal . . . *must* be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c) (emphasis added). Although the parties have made arguments as to why, as a practical matter, notice is likely not of particular value in this case, they have failed to establish that the plain language of Rule 23.1(c) is inapplicable. However, for the reasons that the parties have identified, the somewhat reduced benefits of notice in this case weigh against requiring a costly form of notice. Notice by publication is therefore appropriate in this action. *See id.* (leaving manner of notice to court's discretion); *Arace v. Thompson*, No. 08 Civ. 7905 (DC), 2011 WL 3627716, at *4 (S.D.N.Y. Aug. 17, 2011) (finding notice of derivative action settlement by publication permissible).

Accordingly, IT IS HEREBY ORDERED THAT the parties shall post notice of Plaintiff's intent to voluntarily dismiss this action for no less than 30 days on iStar and Robbins Umeda LLP's web sites beginning no later than January 9, 2012. The notice shall briefly advise shareholders of the nature of the action, the proposed voluntary dismissal, shareholders' right to submit objections to the Court no later than February 10, 2012, and the public hearing regarding the voluntary dismissal to be held on February 24, 2012 at 4:00 p.m. The parties' responses to any objections shall be filed no later than February 17, 2012.

SO ORDERED.

DATED: January 3, 2012
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

2